IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZAMAN ASHRAF,

    Plaintiff,

v.                          Civil Action No. 3:09CV527

DAVID LASSITER, JR.,

    Defendant.

**MEMORANDUM OPINION**

Zaman Ashraf, a federal prisoner proceeding pro se and in forma pauperis brings this action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be dismissed.

**I. PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

---

[1] By Memorandum Opinion and Order entered on September 21, 2010, the Court stayed the action while it investigated the allegations in Ashraf's complaint. Because the stay is no longer necessary, the stay will be lifted.

The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable," id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed

3

to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ASHRAF'S COMPLAINT

### A. Summary Of Allegations

Ashraf makes the following allegations in his Complaint:

> 2. Defendant claims to practice law at 1557 East Main Street, Richmond, Virginia 23219, Phone (804)644-5545.
> 3. Plaintiff was under Federal Indictment, **U.S. v. ZAMAN ASHRAF ET AL.** Docket 303 CR 458 (ED Vir. 2003) when he met the Defendant on or about 11-18-2003.
> 4. Defendant was appointed under the choice of plan **18 U.S.C. § 3006A** to represent the Plaintiff, in the above criminal case, whereby, the Plaintiff was **FINANCIALLY UNABLE** to obtain adequate representation.
> 5. Plaintiff was **ORDERED** by the **COURT** in the above pending criminal action, to proceed **IN FORMA PAUPERIS**, 28 U.S.C. § 1915.
> 6. Plaintiff files this instant action under 28 U.S.C. § 1915 **IN FORMA PAUPERIS** standing.
> 7. Defendant on or about November 2003 **DEMANDED** the Plaintiff['s] FAMILY to **PAY** the Defendant **$6,000.00**, in the above court appointment **18 U.S.C. 3006A**, by **FRAUD DECEPTION**. See "Exhibit 1" Plaintiff's FAMILY['s] **PAYMENT** to the Defendant. Said above **FRAUDULENT** demand on the Plaintiff['s] FAMILY violated **FEDERAL STATUTES** 18 U.S.C. § 3006 and 28 U.S.C. § 1915.

(Compl. 1 (spacing corrected).)

4

## B. Summary Of Claims

Ashraf makes the following claims for relief:

Claim One     Lassiter violated Ashraf's rights under 18 U.S.C. 3006A by demanding that Ashraf's family pay him even though the Court had granted Ashraf leave to proceed in forma pauperis and appointed Lassiter to represent Ashraf pursuant to the Criminal Justice Act.

Claim Two     Lassiter committed fraud and unjust enrichment in violation of New York law by demanding that Ashraf's family pay him even though Ashraf had been granted leave to proceed in forma pauperis and Lassiter had been appointed to represent Lassiter pursuant to the Criminal Justice Act.

Ashraf invokes the Court's jurisdiction under 28 U.S.C. § 1331.[2] Ashraf demands, inter alia, $25,000 in damages.

## III. ANALYSIS

### A. Ashraf's Federal Claim

In Claim One, Ashraf contends that Lassiter violated the Criminal Justice Act ("CJA") by soliciting and accepting funds from Ashraf's family members after the Court appointed Lassiter to represent Ashraf. That statute provides, in pertinent part:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender

---

[2] Although Ashraf mentions the in forma pauperis statute, 28 U.S.C. § 1915, he fails to articulate how Lassiter violated that statute.

5

organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, *no such person or organization may request or accept any payment or promise of payment for representing a defendant.*

18 U.S.C. 3006A(f) (emphasis added). Nevertheless, Ashraf fails to demonstrate that Lassiter's violation of the statute gives rise to a private cause of action enforceable by Ashraf. See United States v. Wutthidetgraingrai, No. 95 CRIM. 52(LAK), 1997 WL 778749, at *3 (S.D.N.Y. Dec. 18, 1997) (rejecting nearly identical claim). Here, as in Wutthidetgraingrai, the record reflects that family members rather than the putative plaintiff made the payments to CJA appointed counsel.[3] Id. Therefore, Ashraf "has no standing to seek recovery of any such payments. Such a claim may be pursued only by those who made them." Id. (footnote omitted). Furthermore, under these circumstances, it is particularly appropriate not to infer a private cause of action under the CJA in favor of litigants like Ashraf "because the CJA requires district courts to insist that the cost of defending even indigent criminal defendants not be borne by the

---

[3] On October 4, 2010, the Court received an affidavit from Ashraf wherein he explained that his mother gave $6,000.00 to his daughter, who in turn gave the money to Lassiter as payment for his representation of Ashraf. (Ashraf Aff. (Docket No. 29) 1-2.)

taxpayers '[w]henever . . . funds are available for payment from or on behalf of a person furnished representation' under the Act." Id. (alterations in original) (quoting 18 U.S.C. 3006A(f)). Accordingly, Claim One will be dismissed.[4]

### B. Ashraf's Claim For A Violation Of His Rights Under State Law

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Ashraf's federal claim, the Court declines to exercise its discretion to retain Ashraf's claim for a violation of his rights under state law. See Jenkins v. Weatherholtz, 909 F.2d 105, 110 n.15 (4th Cir. 1990). Accordingly, Claim Two will be dismissed without prejudice. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Ashraf and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 25, 2012

---

[4] Such dismissal is without prejudice to the filing of any suit filed in State court by Ashraf (a potential third-party beneficiary of the employment contract made with Lassiter to represent Ashraf) or by Ashraf's relatives who made the payment to Lassiter. ASHRAF IS ADVISED THAT ANY SUIT TO BE FILED IN STATE COURT MUST BE FILED IMMEDIATELY.